**UNITED STATES COURT OF APPEALS**

**June 21, 2016**

**TENTH CIRCUIT**

BILLY PIERCE,

        Plaintiff - Appellant,

v.

GREEN TREE SERVICING LLC,

        Defendant - Appellee.

No. 15-1473
(D.C. No. 1:15-CV-00913-RBJ)
D. Colo.

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore orders the case submitted without oral argument.

In February 1999, Odetta Pierce, for herself and as guardian and conservator of the Estate of Fred Pierce ("Borrowers"), executed a promissory

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

note (the "Note") and deed of trust to obtain a residential mortgage loan (the "Loan") for real property located in Colorado. The rights originally granted to First Colorado Mortgage Corporation under the Note were assigned to Defendant Green Tree Servicing LLC ("Green Tree") in 2013. Borrowers defaulted on the Loan and Green Tree initiated foreclosure proceedings in 2014. The Elbert County District Court authorized the sale of the property in 2015.

Appellant Billy Pierce and one of the Borrowers filed a complaint against Defendant in Colorado state court. The action was removed to federal court by Defendant on the basis of diversity jurisdiction. On June 26, 2015, Pierce filed an amended complaint in which he was named the sole plaintiff. The amended complaint sought "injunctive relief, damages, and other relief" from Green Tree based on Pierce's allegations that (1) Green Tree lacked authority to foreclose on the Loan and (2) the Loan was discharged because Pierce tendered payment of the outstanding balance.

The district court concluded Pierce lacked standing to bring his claims against Green Tree because he was not a party to the Loan or the loan documents and, thus, he could not show he suffered an "injury in fact." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (identifying "injury in fact" as one of the three elements of standing that a plaintiff must establish by showing "he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not conjectural or hypothetical"

(quotation omitted)).  Accordingly, Green Tree's motion to dismiss the complaint was granted by the district court.

In his complaint and again in his opening brief, Pierce concedes he was not a party to the Loan.  He also does not dispute the district court's conclusion that the two causes of action asserted in his complaint "are predicated on Green Tree's alleged misconduct regarding the Loan."  In this appeal, Pierce raises the same arguments previously addressed and rejected by the district court.  Upon review of the appellate briefs filed in this matter and *de novo* review of the entire record on appeal, this court agrees with the district court's conclusion that Pierce lacks standing.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the dismissal of Pierce's amended complaint for substantially the reasons stated by the district court in its order dated November 3, 2015.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge